UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| **JACOB ESPARZA**, individually and on behalf of all others similarly situated,<br><br>    **Plaintiff,**<br><br>  -against-<br><br>**DYNASTY WIRELINE SERVICES, LLC,**<br><br>    **Defendant.** | No: 7:20-cv-00204<br><br>**CLASS & COLLECTIVE ACTION** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**I. SUMMARY**

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – salaried case hold completion managers, wireline engineers, and similar positions (collectively "Completion Managers" or "Class Members") – who have worked for Dynasty Wireline Services, LLC ("Dynasty Wireline") in the United States.

2. Headquartered in Midland, Texas, Dynasty Wireline is a leading provider of wireline services in and around the Permian Basin. Dynasty Wireline is actively operating at oilfields around the United States, including but not limited to, throughout the states of Texas and New Mexico.

3. In order to offer its services, Defendant employs over 100 Completion Managers.

4. Plaintiff and similarly situated Class Members typically work at least twelve-hour shifts, seven days a week, for weeks at a time, all while in some of the harshest working conditions.

5. In order to avoid paying Completion Managers overtime for hours worked in excess of 40 per workweek, Defendant uniformly misclassified them as exempt from the overtime provisions of the Fair Labor Standards Act § 201 *et seq.* ("FLSA") and corresponding state wage and hour laws.

6. In this regard, Completion Managers have non-exempt primary duties that involve operating the truck's equipment, rigging up and rigging down well sites, lowering tools inside and outside of the well, and performing pump downs. Moreover, Completion Managers cannot hire or fire employees, nor are they involved in the interview process.

7. As such, Completion Managers are non-exempt employees under the FLSA and corresponding state wage and hour laws.

8. Plaintiff brings this action on behalf of himself and similarly situated current and former Completion Managers who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that has deprived Plaintiff and similarly situated employees of their lawfully earned wages.

9. Plaintiff also brings this action under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22, ("NMMWA") pursuant the Federal Rules of Civil Procedure 23 ("Rule 23") on behalf of all Completion Managers paid by the same compensation method by Defendant within the State of Mexico at any time prior to the filing of this action and the date of final judgment in this action (the "New Mexico Class").

## II. JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

12. The Court has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

13. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391.

14. Defendant conducts substantial business operations in this District and Division.

15. Defendant is headquartered within this District and Division.

## III. THE PARTIES

### Jacob Esparza

16. Jacob Esparza ("Esparza") is an adult individual who is currently a resident of the State of Texas. Esparza performed work for Defendant in Texas and New Mexico during his employment.

17. Esparza was employed by Defendant as a Completion Managers from approximately April 2016 through April 2020.

18. Plaintiff's consent to be a party plaintiff is attached as Exhibit A.

19. Esparza brings this action on behalf of himself and all other similarly situated Completion Managers who were paid on a salary and/or with job bonuses, and who did not receive overtime compensation.

20. The FLSA collective of similarly situated workers consists of:

> **ALL CURRENT AND FORMER CASED HOLE COMPLETION MANAGERS, WIRELINE ENGINEERS, AND OTHER SIMILAR TITLES WHO WERE PAID WITH A SALARY AND/OR JOB BONUSES WHO WORKED FOR DYNASTY WIRELINE DURING THE LAST THREE YEARS** ("Putative Collective Members").

21. The class of similarly situated employees or potential class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER CASED HOLE COMPLETION MANAGERS, WIRELINE ENGINEERS, AND OTHER SIMILAR TITLES WHO WERE PAID WITH A SALARY AND/OR JOB BONUSES WHO WORKED FOR DYNASTY WIRELINE DURING THE LAST THREE YEARS** ("Putative Class Members").

22. Plaintiff also seeks class certification of such a class under Rule 23 under the NMMWA.

## IV. DEFENDANT

23. Defendant employed Plaintiff and similarly situated employees at all times relevant.

24. Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

25. During all relevant times, Defendant has been Plaintiff's employer within the meaning of the FLSA and NMMWA.

**Dynasty Wireline Services, LLC**

26. Dynasty Wireline Services, LLC is a foreign business corporation doing business throughout the United States, organized and existing under the Laws of Texas.

27. Dynasty Wireline Services, LLC's corporate headquarters is located at 6800 W. Highway 80, Midland, Texas 79706.

28. At all relevant times, Dynasty Wireline Services, LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

29. Dynasty Wireline Services, LLC applied the same employment policies, practices, and procedures to all Completion Managers at their worksites throughout the United States.

30. Dynasty Wireline Services, LLC may be served through its registered agent: National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## V. COVERAGE UNDER THE FLSA

31. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33. At all times hereinafter mentioned, Defendant has been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Defendant has had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

34. At all times hereinafter mentioned, Plaintiff and Completion Managers were engaged in commerce or in the production of goods for commerce.

## VI.    FACTS

### Jacob Esparza

35. Esparza was employed by Defendant as a Completion Manager from approximately April 2016 through April 2020. Other similar titles for the Completion Manager position include, but are not limited to, Wireline Engineer.

36. Esparza performed work for Defendants throughout West Texas and New Mexico.

37. During the course of his employment, Esparza regularly worked over 40 hours per week.

38. Generally, Esparza was assigned to a hitch schedule of 14 days and 7 days off ("14/7"). His daily shifts consisted of at minimum a 12-hour shift on location at the job site, plus drive time to and from the job sites.

39. As a result, Esparza consistently worked over 40 hours per week.

40. Defendants paid Esparza with a salary and a job bonuses regardless of the number of hours worked.

41. Esparza's primary duties as a Completion Manager were related to the operating and monitoring of oil wells.

42. In this regard, his primary duties were largely manual in nature, requiring him to perform physical work, such as assisting in rigging up and rigging down, operating the truck equipment, performing pump downs, and lowering tools inside and outside of the well.

43. Esparza was required to perform his job in strict compliance with Defendants' company policies.

44. Esparza did not have the authority to hire or fire employees.

45. Esparza did not have the authority to interview applicants.

46. Upon information and belief, Defendant did not keep accurate records of hours worked by Esparza and similarly situated employees.

47. As such, Esparza's primary job duties as a Completion Manager are non-exempt duties under the FLSA, and the NMMWA.

## VII. FLSA VIOLATIONS

48. As set forth herein, Defendant violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1.5 times the regular rates for which they were employed.

49. Defendant, knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Completion Managers overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

50. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII. NMMWA VIOLATIONS

51. Plaintiff brings this claim under the NMMWA as a Rule 23 class action.

52. The conduct alleged violates the NMMWA (N.M. Stat. Ann. §50-4-22).

53. At all relevant times, Defendant was subject to the requirements of the NMMWA.

54. At all relevant times, Defendant employed Plaintiff and each Putative Class Member with New Mexico state law claims as an "employee" within the meaning of the NMMWA.

55. The NMMWA requires employers like Defendant to pay employees at 1.5 times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Putative Class are entitled to overtime pay under the NMMWA.

56. Defendant had a policy by which Completion Managers and each member of the Putative Class were not paid overtime compensation.

57. Plaintiff and each Putative Class Member seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

58. Plaintiff and each Putative Class Member also seeks recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the NMMWA.

59. The improper pay practices at issue were part of a continuing course of conduct, entitling Plaintiff and each Putative Class Member to recover for all such violations, regardless of the date they occurred.

## IX.  CLASS AND COLLECTIVE ACTION

60. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the members of the class and collective.

61. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the NMMWA.

62. Numerous other individuals who worked with Plaintiff indicated that they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

63. Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal pay practice were imposed on the Putative Class Members.

64. The Putative Collective Members and the Putative Class Members were all denied overtime compensation when they worked in excess of 40 hours per week.

65. Defendant is an "employer" of the Putative Collective Members and the Putative Class Members.

66. Defendant's failure to pay overtime compensation at the rates required by state and/or federal law results from generally applicable, systematic policies and practice which are not dependent on the personal circumstances of the Putative Collective Members or the Putative Class Members.

67. Plaintiff's experiences are therefore typical of the experiences of the Putative Collective Members and the Putative Class Members.

68. The specific job titles or precise job locations of the Putative Collective Members and the Putative Class Members do not prevent class or collective treatment.

69. Plaintiff has no interest contrary to, or in conflict with, the Putative Collective Members and the Putative Class Members.

70. Like each Putative Collective and Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

71. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

72. Absent this action, many Putative Collective Members and Putative Class Members likely will not obtain redress of their injuries and Defendant will repeat the unjust benefits of violating the FLSA and applicable state labor laws.

73. Furthermore, even if some of the Putative Collective Members and the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

74. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

75. The question of law and fact common to each member of the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a) Whether Defendant employed the members of the class within the meaning of the FLSA and the NMMWA;

   b) Whether Defendant's decision to not pay time and a half for overtime was made in good faith;

   c) Whether Defendant's violation of the law was willful; and

   d) Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Collective Members and Putative Class Members.

76. Plaintiff's claims are typical of the claims of the Putative Collective Members and the Putative Class Members.

77. Plaintiff, the Putative Collective Members, and the Putative Class Members have sustained damages arising out of Defendant's illegal and uniform employment policy.

78. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

79. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## X. RELIEF SOUGHT

Plaintiff respectfully requests that this Court grant the following relief:

a) An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. § 216(b);

b) For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c) For an Order designating the Putative Class Members NMMWA claims as a class action pursuant to Fed. R. Civ. P. 23;

d) For an order finding Defendant liable for all unpaid overtime owed under the NMMWA at the highest available rates allowed by law, plus liquidated damages;

e) For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of both the federal and state law classes;

f) For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest; and

g) For an Order granting such other and further relief a may be necessary and appropriate.

Dated: August 20, 2020

                              Respectfully submitted,

By:      /s/ David I. Moulton
                          Richard J. (Rex) Burch
                          Texas Bar No. 24001807
                          David I. Moulton
                          Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com


**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
Jfitapelli@fslawfirm.com
aortiz@fslawfirm.com

*Attorneys for the Plaintiff and Putative Class & Collective*